UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KAREN S. WESTBROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:05-0664 |
| | ) | Judge Campbell |
| FIFTH THIRD BANK, EQUIFAX | ) | Magistrate Judge Griffin |
| INFORMATION SERVICES, LLC, | | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., AND TRANSUNION, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Pending before the Court is a Motion to Dismiss by Defendant Fifth Third Bank (Docket No. 12), to which Plaintiff has responded in opposition (Docket No. 29). With leave of Court, Defendant Fifth Third Bank has filed a Supplemental Brief in support of its Motion to Dismiss (Docket Entry No. 53), and Plaintiff has supplemented her response in opposition (Docket Entry No. 57), to which Defendant has replied (Docket Entry No. 58). For the reasons explained herein, Defendant's Motion to Dismiss is GRANTED.

## **I. Introduction**

This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., against Fifth Third Bank and consumer reporting agencies Equifax Information Services, LLC, Experian Information Solutions, Inc., and Transunion, LLC. Plaintiff Karen S. Westbrooks also asserts state law claims of defamation and violation of the Tennessee Consumer Protection Act

1

("TCPA"), §§ 47-18-101 et seq., against Fifth Third Bank. Plaintiff alleges that Fifth Third Bank failed to furnish her complete mortgage payment information to the other Defendants, who then failed to verify that the information in Plaintiff's credit file was accurate and complete before disseminating that information to third parties in the form of credit reports. As a result of Defendants' actions, Plaintiff claims that she has sustained damages including having been denied credit. She also claims that she has suffered emotional distress due to the humiliation and embarrassment of the credit denials. She seeks civil penalties against all Defendants as available under the FCRA and actual and punitive damages for Defendant Fifth Third Bank's alleged defamatory conduct and violation of the TCPA.

## II. Factual and Procedural History

Viewing the facts in the light most favorable to Plaintiff, as the Court must at this stage of the proceedings, see Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994), the relevant facts and circumstances are as follows: In October 2004, Karen S. Westbrooks learned that Fifth Third Bank "was not reporting all of her mortgage payment information" to consumer reporting agencies. (Docket No. 24). Specifically, the bank had not reported Ms. Westbrooks' monthly mortgage payments.

In February 2005, Ms. Westbrooks contacted Fifth Third Bank, Equifax Information Services, LLC., Experian Information Solutions, Inc., and Transunion, LLC by letter to request that her monthly mortgage payments be reported by the bank and included in her credit reports. Despite her efforts, Fifth Third Bank re-verified the incomplete information to the consumer reporting agencies, whose independent investigations failed to detect the missing information. As a result, the credit reports subsequently prepared by the consumer reporting agencies failed to reflect the

2

monthly mortgage payments Ms. Westbrooks has made and continues to make to Fifth Third Bank. According to Ms. Westbrooks, the action and inaction of the bank and of the consumer reporting agencies compromised her credit and caused her to suffer humiliation and anguish.

On August 30, 2005, Ms. Westbrooks filed the instant Complaint against Fifth Third Bank and the consumer reporting agencies, asserting FCRA claims against all Defendants and a defamation claim against Fifth Third Bank. (Docket No. 1). On September 30, 2005, Defendant Fifth Third Bank filed a Motion to Dismiss, contending that Ms. Westbrooks's claim under § 1681s-2(a) of the FCRA fails to state a claim upon which relief can be granted and her defamation claim is preempted by the FCRA. (Docket No. 12).

Plaintiff Westbrooks concedes that she has no claim under § 1681s-2(a) but maintains that her defamation claim is not preempted. (Docket No. 30). She sought permission to amend her Complaint (Docket Nos. 24 and 29), which the Court granted (Docket No. 49). Plaintiff's First Amended and Restated Complaint was filed on November 3, 2005. (Docket No. 50). In light of the amendments, the Court terminated Equifax, Inc. as a Defendant in this case and substituted Equifax Information Services, LLC as a Defendant. (Id.)

On November 3, 2005, the parties represented to the Magistrate Judge that Plaintiff and Defendant Transunion, LLC had reached a settlement in this case and would file an agreed order or stipulation of dismissal of Plaintiff's claims against Transunion by November 4, 2005. (Id.) Plaintiff and Transunion, LLC subsequently sought an extension of time within which to file a stipulation of dismissal (Docket No. 51), which the Court granted, extending the deadline to November 14, 2005 (Docket No. 52). To date, no stipulation of dismissal has been filed with the Court.

3

### III. Standard of Review

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde, 13 F.3d at 996. The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F. Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

In its Motion to Dismiss and Supplemental Brief filed in support thereof (Docket Nos. 12 and 53), Defendant Fifth Third Bank contends that Ms. Westbrooks's claim under § 1681s-2(a) of the FCRA fails to state a claim upon which relief can be granted and that her TCPA and defamation claims are preempted by the FCRA. Plaintiff maintains that a dismissal of her FCRA claim is unwarranted and that her state law claims are not preempted by the FCRA. (Docket Nos. 29 and 57).

### IV. Analysis

Defendant Fifth Third Bank asks the Court to dismiss all of Plaintiff's claims against it. The Court will address Plaintiff's federal claim first.

**A.     Plaintiff's FCRA Claim against Fifth Third Bank**

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable

4

procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information[.]" 15 U.S.C. § 1681(b). The FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. Carney v. Experian Info. Solutions, Inc., 57 F. Supp.2d 496, 500 (W.D. Tenn. 1999). Here, the parties agree that Fifth Third Bank is a furnisher of credit information and, as such, its statutory duties under the FCRA are set forth in 15 U.S.C. § 1681s-2.

Plaintiff's First Amended and Restated Complaint alleges a claim under § 1681s-2(b) of the FCRA against Fifth Third Bank for "failure to report various relevant account information to consumer reporting agencies."[1] (Docket No. 24 ¶ 25). Defendant Fifth Third Bank asks the Court to dismiss that claim, contending that Plaintiff has failed to state a claim upon which relief can be granted as she did not allege that any of the Defendant consumer reporting agencies ever notified the bank of her credit dispute.

Unlike § 1681s-2(a),[2] courts have found that a private right of action exists under § 1681s-

---

[1] Initially, Plaintiff asserted only a claim against Fifth Third Bank under § 1681s-2(a) of the FCRA. (Docket No. 1). Fifth Third Bank sought the dismissal of that claim, contending that no private right of action exists under subsection (a). (Docket No. 12). Subsequently, Plaintiff acknowledged that she had no claim under § 1681s-2(a) (Docket No. 30), and her First Amended and Restated Complaint alleges only a claim under § 1681s-2(b).

[2] Section 1681s-2(a) imposes on furnishers of credit information a duty to provide consumer reporting agencies with accurate information. The duties imposed by subsection (a) can only be enforced by government agencies and officials. See 15 U.S.C. §§ 1681s-2(c)(1),(d) (such violations "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this tile"). Thus, no private right of action exists under subsection (a). See, e.g., Stafford, 262 F. Supp.2d at 782-83; Zager, 2005 WL 2008432, at *3.

5

2(b). See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002)(finding that a private right of action exists under § 1681s-2(b)); Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002)(noting that § 1681s-2(b) "appears" to impose civil liability, permitting a private cause of action, without deciding the issue conclusively); Downs v. Clayton Homes, Inc., Nos. 03-5259, 03-6055, 2004 WL 253363, at *2 (6th Cir. Feb. 9, 2004)(citing Young and assuming for purposes of ruling on defendants' motion that a private right of action exists under subsection (b)); Stafford v. Cross County Bank, 262 F. Supp.2d 776, 783 (W.D. Ky. 2003)(concluding that § 1681s-2(b) allows a consumer to bring a private cause of action against a furnisher of credit information for negligent or willful violations of the FCRA); Zager v. Deaton, No. 1-03-1153, 2005 WL 2008432, at *3 (W.D. Tenn. Aug. 16, 2005)(collecting cases and assuming a private right of action exists). But see Carney, 57 F. Supp.2d at 502 (holding that an individual consumer cannot bring a claim under § 1681s-2(b)).

Section 1681s-2(b) provides, in relevant part, as follows:

> **After receiving notice** pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any

6

> reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
>     (I) modify that item of information;
>     (ii) delete that item of information; or
>     (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1)(emphasis added). Most courts interpreting § 1681s-2(b) have found that under the plain language of the statute, unless a consumer reporting agency notifies a furnisher of information of a dispute, an individual may not pursue a claim against the furnisher of information under the statute, even if the individual has apprised the furnisher of information of the dispute. Thus, the duty of a furnisher of credit information to investigate a credit dispute under § 1681s-2(b) is triggered <u>only</u> after the furnisher receives notice of the dispute from a consumer reporting agency. Notification from a consumer is insufficient. <u>See, e.g.</u>, <u>Downs</u>, 2004 WL 253363, at *2 (holding that a plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed); <u>Stafford</u>, 262 F. Supp.2d at 783-84 (holding that a furnisher of information has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency); <u>Zager</u>, 2005 WL 200843, at *5 (following <u>Downs</u> and granting summary judgment in defendant's favor as to plaintiff's claim under § 1681s-2(b) because no genuine issue of material fact existed as to whether furnisher received notice of plaintiff's dispute from the credit reporting agency, even though proof showed furnisher had actual notice of plaintiff's dispute); <u>Peasley v. Verizon Wireless LLC</u>, 364 F. Supp.2d 1198, 1200 (S.D. Cal. 2005)(granting defendant's motion to dismiss for failure to state a claim under § 1681s-2(b) where plaintiff alleged that she notified furnisher of information directly of billing dispute and failed to allege that furnisher ever was notified of dispute by a credit reporting agency); <u>Whisenant v. First Nat'l Bank & Trust</u>

7

Co., 258 F. Supp.2d 1312, 1316 (N.D. Okla. 2003)("Courts have consistently held that a furnisher's duty under § 1681s-2(b) is triggered 'only after the furnisher receives notice of the dispute from a consumer reporting agency.'"); Aklagi v. Nationscredit Fin. Servs. Corp., 196 F. Supp.2d 1186, 1193 (D. Kan. 2002)(granting summary judgment to defendant on plaintiff's § 1681s-2(b) claim because no genuine issue of material fact existed as to whether EquiCredit received notice of the plaintiff's credit dispute from a consumer reporting agency).

Here, Plaintiff alleges that she contested her mortgage account information with the Defendant credit reporting agencies. However, Plaintiff does not allege, and has presented no facts to show, that any of the Defendant credit reporting agencies ever notified Fifth Third Bank of Plaintiff's dispute. In fact, Plaintiff alleges that "neither Equifax, nor Experian, nor Trans Union made any attempt to substantially or reasonably verify the failure of Fifth Third Bank to accurately report the monthly mortgage payments made by Westbrooks." (Docket No. 50 ¶ 19)(emphasis added). Therefore, Plaintiff has failed to allege an essential requirement for asserting a claim under § 1681s-2(b).

The Court notes that in her Response to Defendant's Motion to Dismiss, Plaintiff represents, without citing to the record, that she "has alleged that she disputed Fifth Third's false credit reportings to the credit reporting agencies and, in turn, the agencies sent consumer dispute verification forms (or an automated version of the "CDV") to Fifth Third, but Fifth Third failed to properly reinvestigate and respond and to report accurate and truthful information." (Docket No. 30 at 10)(footnote omitted). The Court has examined Plaintiff's Complaint and her First Amended and Restated Complaint, and neither contain allegations that any of the Defendant credit reporting agencies submitted dispute notifications to Fifth Third Bank. As noted above, the First Amended

and Restated Complaint alleges just the opposite--that none of the Defendant credit reporting agencies made an attempt to verify Fifth Third Bank's alleged failure to report accurate information regarding Plaintiff's file. The Court therefore finds that Plaintiff has failed to state a claim upon which relief can be granted under § 1681s-2(b) of the FCRA.

Having so found, the Court need not address Fifth Third Bank's remaining contentions that Plaintiff's § 1681s-2(b) claim fails in other respects.

**B.      Plaintiff's Tennessee Consumer Protection Act Claim against Fifth Third Bank**

Plaintiff alleges that Defendant Fifth Third Bank violated the TCPA by committing unfair and deceptive acts against Plaintiff. (Docket No. 50 ¶¶ 49-51). Defendant Fifth Third Bank asks the Court to dismiss Plaintiff's claim, asserting that it is preempted by the FCRA and, even if the claim is not preempted, it is otherwise deficient.

The FCRA contains "two overlapping and potentially contradictory preemption provisions," § 1681t(b)(1)(F) and § 1681h(e), which limit the circumstances under which a plaintiff may bring state common law claims. Stafford, 262 F. Supp.2d at 784. Under § 1681h(e):

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as false information furnished with malice or willful intent to injure such consumer.

Through the Consumer Credit Reporting Reform Act of 1996, Congress added a new section that

9

creates statutory conflict with § 1681h(e). Under the new section:

> No requirement or prohibition may be imposed under the laws of any State–
> (1)  with respect to the subject matter regulated under–
> . . .
> (b) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies....

15 U.S.C. § 1681t(b)(1)(F). As noted by a sister court, "[t]he tension between these two provisions . . . results from the fact that § 1681h(e) permits state tort claims, but requires a higher standard of proof for those in the nature of defamation, slander, or invasion of privacy, while § 1681t(b)(1)(F) prohibits all state claims covered by § 1681s-2." Stafford, 262 F. Supp.2d at 785. Courts have struggled to reconcile these two provisions, and to this Court's knowledge, no Circuit Court of Appeals has addressed the issue yet.

The Court has studied the FCRA, its history and purpose, and the plain language of both provisions. The Court has also considered the different approaches utilized by district courts in attempting to harmonize § 1681h(e) and § 1681t(b)(1)(F). While some courts have found that § 1681t(b)(1)(F) supersedes § 1681h(e) and preempts all state law causes of action involving claims against furnishers of information, see, e.g., Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp.2d 356, 360-61 (E.D. Pa. 2001),[3] this Court agrees with those courts finding that § 1681t(b)(1)(F) has a more limited scope. See, e.g., Stafford, 262 F. Supp.2d at 785-87 (setting forth a thorough and well-reasoned analysis of the interplay between the two provisions and determining that the two provisions can be read consistently); Vazquez-Garcia v. Trans Union De Puerto Rico,

---

[3]The Jaramillo court later reinstated the plaintiff's defamation claim in a one-sentence order without any explanation for its decision. Jamarillo v. Experian Info. Solutions, Inc., No. 00-cv-5876, 2001 WL 1762626, at *1 (E.D. Pa. June 20, 2001).

10

222 F. Supp.2d 150, 161 (D. P.R. 2002)(finding that the court must read the provisions as to give effect to both); Aklagi, 196 F. Supp.2d at 1194 (reconciling the two provisions by finding that they address two discrete time periods).

In the Court's opinion, the better view is that the two provisions must be read consistently, giving effect to both the old § 1681h(e) and the new § 1681t(b)(1)(F). See TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001)("A statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void or insignificant."). The Court therefore will analyze preemption under each provision. All state law claims that do not allege willfulness are preempted by § 1681h(e), and any surviving claims alleging willfulness are preempted under § 1681t(b)(1)(F) if they involve a subject-matter regulated under § 1681s-2.

Here, Plaintiff's First Amended and Restated Complaint alleges that Fifth Third Bank negligently or willfully committed unfair and deceptive acts against Plaintiff in violation of the TCPA. (Docket No. 50 ¶¶ 49-51). To the extent that these allegations fall within the § 1681h(e) willfulness exception, they are nevertheless preempted by § 1681t(b)(1)(F) because the allegations pertain to a subject matter regulated by § 1681s-2--that is, the furnishing of information to a consumer reporting agency. Therefore, they are preempted by the FCRA. See Carney, 57 F. Supp.2d at 509 (finding that plaintiff's TCPA claims were preempted by § 1681t(b)(1)(F) since they arose out of the same subject matter as § 1681s-2(a) & (c)). Because the Court has found that Plaintiff's claim under the TCPA is preempted, the Court need not go on to consider Defendant's argument that Plaintiff's TCPA claim fails to state a claim upon which relief can be granted.

**C.     Plaintiff's Defamation Claim against Fifth Third Bank**

11

Plaintiff alleges that Defendant Fifth Third Bank committed multiple defamatory acts against Plaintiff by publishing false representations about her mortgage payments to the Defendant consumer reporting agencies. (Docket No. 50 ¶¶ 29-33). Defendant Fifth Third Bank asks the Court to dismiss Plaintiff's defamation claim, asserting that it is preempted by the FCRA and, even if the claim is not preempted, it is otherwise deficient.

Applying the preemption analysis adopted by the Court above, the Court finds that Plaintiff's defamation claim against Fifth Third Bank pertains to subject matter regulated under § 1681s-2. Indeed, the crux of Plaintiff's defamation claim is identical to the crux of her FCRA claim--that Fifth Third Bank did not report all of her mortgage payment information to the Defendant consumer reporting agencies. Making this point even clearer, the First Amended and Restated Complaint sets forth no distinct factual basis for Plaintiff's defamation claim but, instead, incorporates by reference the allegations supporting her FCRA claim. (Docket No. 50 ¶ 29). Because Plaintiff's defamation claim directly concerns "section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies," it is preempted by § 1681t(b)(1)(F). Having so found, the Court need not address Defendant's arguments that the claim is preempted by § 1681h(e) or that Plaintiff cannot establish the essential elements of a defamation claim under Tennessee state law.

## V. Conclusion

Based on the foregoing, Defendant's Motion to Dismiss is granted. Accordingly, all claims

against Defendant Fifth Third Bank are dismissed.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

13